189                    71
   23 SC   613
   23 SC   614

---

# Estate of Jacob Swart. Appeal of Peninah A. Swart and Florence V. Dunn.

*Decedents' estates—One having the right to administer may renounce in favor of next class.*

A party entitled to administer the estate of a decedent has the right, upon renunciation, to nominate a person of the class next entitled; and such nomination the register of wills is not at liberty to disregard, except on the ground of personal unfitness or legal incompetency.

The register of wills has no right to issue letters of administration to all of the daughters of a decedent, where the widow upon renouncing her right to administer has nominated one of the daughters only.

Argued Oct. 22, 1898. Appeal, No. 201, Oct. T., 1898, by Peninah A. Swart et al., from decree of O. C. Green Co., April T., 1898, No. 19, dismissing appeal from register of wills. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Appeal from register of wills. Before CRAWFORD, P. J.

From the record it appeared that Jacob Swart died intestate, leaving to survive him a widow, Peninah A. Swart, a son, Amos C. Swart, and three daughters, one of whom was Florence V. Dunn. He also left grandchildren who were the children of deceased sons and daughters. The widow renounced and nominated Florence V. Dunn. The register of wills issued letters of administration to all three of the surviving daughters. Exceptions to the action of the register were on appeal overruled by the orphans' court.

*Error assigned* was decree of the orphans' court.

*J. B. Donley,* with him *J. A. J. Buchanan* and *D. S. Walton,* for appellants, cited Ellmaker's Est., 4 Watts, 34; McClellan's

App., 16 Pa. 116; Wilkey's App., 108 Pa. 567; Kellberg's App., 86 Pa. 129; Bieber's App., 11 Pa. 157; Shomo's App., 57 Pa. 356.

*J. W. Ray*, with him *James Inghram*, *H. B. Axtell* and *James J. Purman*, for appellees, cited Levan's App., 112 Pa. 294; Brubaker's App., 98 Pa. 21; Elliott's Est., 2 Dist. Rep. 382; Scott's Intestate Law, 30; Spencer's Est., 7 Dist. Rep. 217; Elmaker's Est., 4 Watts, 34; Hassinger's App., 10 Pa. 454; Bieber's App., 11 Pa. 157; Robertson's Est., 1 Dist. Rep. 320; Kellberg's App., 86 Pa. 129.

OPINION BY MR. JUSTICE FELL, January 2, 1899:

If the widow and the son of the decedent had merely renounced their rights to administer, the register would have been at liberty to select any one personally qualified from the class next entitled, under the act of March 15, 1832, to administer: Levan's App., 112 Pa. 294. The discretion vested in the register is limited to a selection from each class entitled in its order, and neither he nor the parties renouncing can pass by one of the children competent to administer and vest the appointment in a stranger: Williams's App., 7 Pa. 259; McClellan's App., 16 Pa. 110. But the renunciation was in favor of one of the class next entitled after the widow and the son, and was coupled with a request for her appointment. This nomination the register was not at liberty to disregard except on the ground of personal unfitness or legal incompetency. The right of the party entitled to administer to nominate a person of the next class has been firmly settled by our decisions: Ellmaker's Est., 4 Watts, 34; Bieber's App., 11 Pa. 157; Shomo's App., 57 Pa. 356.

Whether it was shown by the testimony produced before the register that the widow was an unfit person to administer the estate because of her advanced age, infirmities and want of business knowledge need not be considered. It certainly was not shown that she was incompetent to make a choice among her children. The action of the register in appointing all three of the daughters indicates a desire on his part to treat them fairly and to prevent an unseemly dispute, but in so doing he overlooked the legal rights of the appellants, and it cannot be sustained.

The decree of the orphans' court is reversed, and it is now ordered and decreed that the register of Greene county do grant letters of administration on the estate of Jacob Swart, deceased, to Florence V. Dunn.