Estate of Arthur Padelford, deceased. Appeal of M. J. O'Callaghan.

*Wills—Administration d. b. n. c. t. a.—Appointment of administrator c. t. a.—Act of March 15, 1832, sec. 22.*

Where the executors of a will are dead, and each of several applicants for administration d. b. n. c. t. a. objects to the granting of letters to any of the other applicants, the register of wills has no power to issue such letters to a stranger, but, under the Act of March 15, 1832, P. L. 140, sec. 22, he must issue them to such one or more of those entitled to the residue ·of the estate as he shall judge will best administer the estate, or to such person as those entitled shall nominate.

Where the register of wills has erroneously issued letters of administra-

tion to a person not legally entitled to them, the orphans' court has power to vacate the letters granted, and to direct the register to issue letters to the proper person.

Argued Jan. 23, 1899. Appeal, No. 369, Jan. T., 1898, by M. J. O'Callaghan, from decree of O. C. Phila. Co., Oct. T., 1897, No. 269, sustaining appeal from register of wills. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from register of wills.

HANNA, P. J., filed the following opinion:

The administration of this estate became vacant by the death of the executors. Application was then made to the register for the grant of letters of administration d. b. n. c. t. a. by the widow of testator; also by the residuary legatee, and also on behalf of the guardian of the minor child of testator. Instead of granting the letters to either of the claimants, the register disposed of the contention before him by the selection of a member of the bar of good repute and business capacity, but not connected directly or indirectly with either of the parties claiming to be interested in the estate, and to whom the letters of administration were issued. The single question presented by the appeal is whether the authority of the register was properly exercised and in strict conformity with the law. We are obliged to say we think he acted under a misinterpretation of the act of assembly, which in a case like the present clearly indicates the course to be adopted and the selection to be made by him. The Act of March 15, 1832, P. L. 140, sec. 22, Purdon's Digest, 578, pl. 42, after enumerating those who shall be entitled to administration of a decedent's estate, provides: "That in all cases of an administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue; and the administration in such case shall be granted by the register to such one or more of them as he shall judge will best administer the estate."

There is consequently no discretion vested in the register except that from those entitled to the residue he may make a selection. The act was followed in Muhlenburg's Estate, 4 Phila.

192, and Heron's Estate, 6 Phila. 87. And in Guldin's Estate, 81* Pa. 362, a case directly in point, it was held that one of the children of testator, a residuary legatee, was entitled to letters of administration d. b. n. c. t. a., and could not be passed by and a stranger appointed, even though a majority of the residuary legatees consented to and requested his appointment. It was further there said by VAN REED, J., that "the act makes no provision for nominees or substitutes for the parties in interest. It is a mandatory rule to the register in respect to the parties themselves. The discretion given to the register is limited to a selection from those asking, if competent, in each class in their order." And in Ellmaker's Est., 4 Watts, 34, it was said that the register is bound to respect the nomination of the next of kin of persons entitled to the administration. See also Bieber's App., 11 Pa. 157; Guldin's Est., supra; Shomo's App., 57 Pa. 356. Again, in Sarkie's App., 2 Pa. 157, the exclusive right of the residuary legatee is recognized, although it was there held that nonresidence was a disqualification of one otherwise entitled, and justified the appointment by the register of a stranger, the nominee of a party interested, but whose right to administration was inferior to that of the petitioner in that case. But what is said by SERGEANT, J., is in effect disregarded and overruled in Jones's App., 10 W. N. 249, where it is said by WATSON, P. J., and adopted by the Supreme Court: "I feel very confident that no case can be found where it has been held that the register is at liberty to disregard the clearly expressed wishes of the parties preferred by the law and entitled to the estate, whether they be residents of this commonwealth or beyond its borders, and grant letters to a total stranger whose only interest is the expectation of earning commissions by his services in the execution of the trust; such stranger is not in a position to object to the granting of letters to a nonresident. The objection can be made only by the party in interest. If the parties who are entitled to the estate are not in a position to administer it themselves, then the trust should be committed to their nominee, who has their confidence, and whose services are to be paid for from their funds." In that case the letters of administration d. b. n. c. t. a. previously granted to a stranger were revoked and new letters directed to be issued to the person selected by the residuary

legatees. The manifest purpose of the act is that the supervision and control of the estate should be committed to those who are directly interested in its management and preservation. And this we cannot overlook nor disregard. The appeal is sustained, the letters of administration heretofore granted vacated, and the register is directed to grant letters d. b. n. c. t. a. to the Fidelity Insurance, Trust and Safe Deposit Company, as now requested by the residuary legatee, all other parties claiming an interest joining in said request.

*Error assigned* was the decree of the court.

*E. Hunn Hanson,* with him *Edward P. Bliss* and *P. F. Rothermel, Jr.,* for appellant.—At all times, both in England and in all the United States, including Pennsylvania, it has been held that there are certain disqualifications which prevent a person otherwise entitled to administer to receive the appointment: Cornpropst's App., 33 Pa. 537.

A ground of disqualification in Pennsylvania, which exists also in England and in all the United States, is that of interest in the applicant adverse to the other heirs and legatees of the decedent: Ellmaker's Est., 4 Watts, 34; Bieber's App., 11 Pa. 157; Hassinger's App., 10 Pa. 454; Frick's App., 114 Pa. 29; Kellberg's App., 86 Pa. 129; Schmidt's Est., 183 Pa. 129.

The discretion of the register to grant letters to any one or more of several equally entitled persons as he may see fit, having once been exercised by him, he cannot thereafter, nor can the orphans' court on appeal, revoke such letters and grant them to another who has no greater right to the said letters: Brubaker's App., 98 Pa. 21; Shomo's App., 57 Pa. 356; Levan's App., 112 Pa. 294; Elliott's Est., 2 Dist. Rep. 382; Muhlenburg's Est., 4 Phila. 192; Woods's App., 55 Pa. 332; Wilkey's App., 108 Pa. 567; Hassinger's App., 10 Pa. 454; Frick's App., 114 Pa. 29; Schmidt's Est., 183 Pa. 129; Sarkie's App., 2 Pa. 157; Lewis's Est., 15 Pa. C. C. R. 397; Sharpe's App., 87 Pa. 163; Riegel's App., 17 W. N. C. 279.

*A. T. Freedley,* with him *Wm. Brooke Rawle,* for Valeria B. Padelford, minor child of Arthur Padelford, appellee, cited Patton's App., 31 Pa. 465; Ellmaker's Est., 4 Watts, 34.

*Rowland Evans*, with him *R. L. Ashhurst*, for Edythe Grant Padelford, widow, appellee.

*John G. Johnson*, with him *Eli Kirk Price* and *J. Willis Martin*, for William H. Blackford, trustee, appointed by the orphans' court under the residuary clause of decedent's will, appellee.

PER CURIAM, January 30, 1899:

We find no error in the decree from which this appeal was taken. When the register came to the conclusion that letters of administration, with the will annexed, should not be granted to either of the persons, then before him, claiming the same in their own right respectively, an opportunity should have been afforded to those entitled to the residue of the estate to nominate a suitable person, etc. Instead of that, appellant was appointed and letters issued to him. The appeal from his decision brought the matter de novo before the orphans' court, and there the nomination of the residuary legatee, in which all other parties claiming an interest joined, was rightly recognized, and the decree now before us properly entered.

The power of the orphans' court to correct such errors of the register by vacating the letters granted by him and directing him to issue letters to another cannot be doubted.

For the foregoing and other reasons fully set forth in the opinion of the learned president of the court below, the decree is affirmed and appeal dismissed at appellant's costs.