## Job's Estate.

*Executors and administrators—Wills—Administrator c. t. a.—Appointment of administrator.*

Under the Act of March 15, 1832, P. L. 135, where a testator leaves a will without naming an executor, and it appears that in his lifetime he had begun a suit against his daughter, which suit was pending at his death, it is improper for the court to appoint the daughter as administrator c. t. a. In such a case one of the other heirs, or if all the other heirs have renounced, a person nominated by such heirs, should be appointed.

Argued Oct. 8, 1903. Appeal, No. 55, Oct. T., 1903, by Adam Job et al., from decree of O. C. Phila. Co., Jan. T., 1902, No. 119, dismissing exceptions to decree directing register of wills to grant letters of administration c. t. a. to Babetta Hahn in estate of Peter Job. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from register of wills.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Gustavus Remak, Jr.*, for appellant.—A party litigant is not a proper appointee: Failor's Est., 10 Pa. Superior Ct. 253; Bieber's App., 11 Pa. 157; Shomo's App., 57 Pa. 356.

Among the numerous decisions that the register of wills and the orphans' court are bound to respect the nomination of the next of kin or the persons entitled to administration, are Ellmaker's Estate, 4 Watts, 34–37, Neidig's Estate, 183 Pa. 492, Coover's Appeal, 52 Pa. 427, Jones's Appeal, 10 W. N. C. 249, Cook's Est., 1 Phila. 342, and Schaufuss's Est., 5 Kulp, 275.

*E. Furth*, for appellee, filed no printed brief.

OPINION BY BEAVER, J., December 19, 1903:

No record of the proceedings had before the register in regard to the granting of letters, original or c. t. a., is before us and, inasmuch as he is not required to keep a record, at least of the testimony taken before him, we may assume that none was kept. The facts necessary to an understanding of the case appear unchallenged in the record before us and from them we can assume as true:

1. That letters of administration, on the application of a daughter of the decedent, the appellee here, were, without citation to other heirs, issued to her, notwithstanding the fact that male children of the decedent were in full life.

2. That a will of the decedent was subsequently found which was produced by the administratrix upon a citation issued at the instance of other heirs.

3. That, before the death of the decedent, he had brought suit in the court of common pleas against his daughter, to whom letters were issued, claiming that she was indebted to him to a considerable amount, which said suit was at issue at the time of his death but which has never been tried or, so far as appears by the evidence, pressed for trial.

4. That, prior to the issuing of letters of administration c. t. a. to the Commonwealth Title, Insurance & Trust Co., by the register, three of the heirs of the decedent had renounced their right to letters and desired the appointment of a disinterested person, nominated by them, and that, upon appeal from the decision of the register, a citation was issued to all parties in

interest to appear and show cause why the appeal should not be sustained and the letters of administration c. t. a. granted to the Commonwealth, Title, Insurance & Trust Co. should not be revoked, and why the said register of wills should not be directed to grant letters of administration c. t. a. on the said estate to Adolph Eichholz instead, in response to which by a formal answer a fourth heir entitled to a distributive share of the estate acquiesced in the nomination of the other three.

5. That to said citation the appellee made no answer.

6. That the nominee of the other heirs is a disinterested and capable person, well qualified to discharge the duties of the trust.

If there were no legislative enactment or established precedent regulating the issuing of letters of administration c. t. a., the action of the register in appointing the Commonwealth Title, Insurance & Trust Co., which was entirely disinterested and competent, or if all the parties interested had been for any reason incompetent, would have been entirely proper: Failor's Est., 10 Pa. Superior Ct. 253; Swarts's Est., 189 Pa. 71; Padelford's Est., 189 Pa. 634. However, the Act of March 15, 1832, P. L. 135, limits his discretion, the second proviso of the 22d section thereof being: "That, in all cases of an administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue and the administration in such case shall be granted by the register to such one or more of them as he shall judge will best administer the estate."

It was, therefore, clearly the duty of the register to grant letters to one or more of the parties competent to administer, entitled to a portion of the residue of the estate. The court below, therefore, on appeal, was justified in revoking the letters granted to the Commonwealth Title, Insurance & Trust Co.

To whom among the heirs or those entitled to the residue of the estate should letters have been granted by the court, when those issued by the register had been revoked? Clearly not to the daughter, whose interests as a litigant were in opposition to the other heirs and who, as administratrix, had failed to have the issue joined in the common pleas tried during the

time when she was in full possession of the estate. Of course, it is hardly to be expected that she could fairly act as the representative of the estate in pressing a suit against herself and hence the importance of a disinterested representative. The register was bound to respect the nomination of those who were next of kin, who were entitled to the letters. Both of these points are, well covered in Bieber's Appeal, 11 Pa. 157, in which Mr. Justice BURNSIDE, delivering the opinion of the court, said: "The able-opinion of Mr. Justice ROGERS in Ellmaker's Est., 4 Watts, 34, is directly in point. There it was ruled that the register, in granting letters of administration, is bound to respect the nomination of the next of kin, when they decline to exercise their right to administer. It was further held in that case that the right of one Swartzwelder was properly rejected on the ground of expediency. The objection is insurmountable when he stands as a litigant party in opposition to the other heirs. Courts have constantly declined putting in persons as administrators so situated. This is a strong case. Here Isaac was already in possession of more than half the estate. It is said he claimed it as a gift from his mother. This position rendered him an incompetent person to perform the duties of the office of administrator, which is one of trust and confidence, and ought to be committed to a person who has no interest in opposition to the other heirs of the estate." See also Shomo's Appeal, 57 Pa. 356, Schmidt's Est., 183 Pa. 129, and Swarts's Est., 189 Pa. 71. It is clear from these and many other authorities which might be cited, first, that the appellee was an improper person to invest with the responsible trust imposed upon her by issuing to her letters of administration c. t. a., and, second, that the nomination of the other heirs should have been respected and their nominee appointed.

Regarding the law and authorities set forth herein as completely decisive of the question, it may not be necessary to add anything thereto. The suggestion of the court below, that the alleged indebtedness of the administratrix, for the recovery of which a suit is now pending in the common pleas, could be worked out in the orphans' court upon exceptions, may, however, be briefly noticed. It is sufficient to say in regard thereto that the orphans' court was not the forum selected by the decedent, nor is it the one in which the heirs desire to test the

question of indebtedness to the estate on the part of the present administratrix. They have the right to determine how that question is to be tried and are, of course, entitled to a trial by jury, if they so desire, especially in view of the fact that the issue has been joined and is now ready to be tried.

The decree of the orphans' court is, therefore, reversed, and the record remitted to the court below, with directions to revoke the letters of administration c. t. a. granted to Babetta Hahn and to issue said letters to Adolph Eichholz, Esq., the nominee of the other heirs ; the costs of this appeal to be paid by the appellee.