# In re Shontz' Estate.

*Wills—Delegation of authority to appoint executor — Appointment of administrators c. t. a.*

Where a testator has made a codicil to his will providing "I hereby add this codicil, instead of having my daughters Hattie and Ruth appointed executors, I ask the Court to appoint the executors" and the register of wills, under such authority, appoints a trust company as administrator c. t. a., his action will not be reversed, on appeal, where the only parties to the controversy are two life tenants, with power to consume the residue, and the trust company must be regarded as the nominee of one.

*Wills—Right to letters of administration—Residuary legatee— Appointment of stranger.*

While one who is entitled to one-half of the residue of the estate for life, with power of consumption, is a residuary legatee, and as such, entitled to the right to administer the estate, where the intent to be gathered from the terms of the will is against the appointment of such person, the appointment of a stranger is not erroneous.

Argued April 10, 1918.    Appeal, No. 114, April T., 1918, by Ruth S. Reaugh, from decree of O. C. Crawford Co., November T., 1917, No. 4, dismissing appeal from Register of Wills in Estate of Eleazer M. Shontz.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Appeal from action of register of wills of Crawford County appointing Crawford County Trust Company administrator c. t. a. of the estate of Eleazer M. Shontz, deceased.    Before PRATHER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was decree of the court.

*Otto Kohler,* for appellant.—The codicil had the same effect as if the testator had failed to name an executor,

and the register of wills had no discretion to appoint a stranger. The residuary legatee was entitled to letters: William's App., 7 Pa. 259; Ellmaker's Est., 4 Watts 34; McClellan's App., 16 Pa. 110; Padelford's Est., 189 Pa. 634; Job's Est., 23 Pa. Superior Ct. 611; Jones' App., 10 W. N. C. 249; Act of 1917, P. L. 447, clause c.

*Paul E. Thomas,* and with him *Frank J. Thomas,* for appellee.—The codicil gave the right to the register of wills to appoint an administrator c. t. a.: Bishop v. Bishop, 14 Atl. 808; Wilson v. Curtic et al., 51 N. E. 913; Hartnett et al. v. Wandell, 60 N. Y. 346; Brown v. Just, 77 N. W. 263; Mulford, 6 Atl. 609; Loy v. Kennedy, 1 W. & S. 396; Cochran v. Young, 104 Pa. 333; Holliday v. Ward, 19 Pa. 485; Miller's Est., 216 Pa. 247; Opp v. Chess, 204 Pa. 401.

OPINION BY PORTER, J., March 12, 1919:

When the will of decedent was probated it disclosed that in the body of the will as originally executed he had appointed as the executors thereof his two daughters, Hattie and Ruth (this appellant), but he subsequently added a codicil in the following words: "I hereby add this codicil instead of having my daughters Hattie and Ruth appointed executors, I ask the court to appoint the executors." It was, therefore, the duty of the register to appoint an administrator cum testamento annexo. The will bequeathed the general residue of the estate to the daughters Hattie and Ruth during their respective lifetimes, share and share alike, and at the death of each of said daughters the share of which she was to have the enjoyment for life was bequeathed to Hattie's "children, share and share alike, John S., Mary E., Edith M. and Helen W. are the children." The testator added to this will a codicil giving to the life tenants, the daughters, the right to consume so much of the principal of the residuary estate as was "necessary for their comfort." The children of Hattie, named in the will, were all mi-

nors, and to them letters of administration could not issue. The appellant demanded of the register that he issue letters of administration with will annexed, to her. The other daughter, Hattie, at first objected to this, but subsequently withdrew that objection. The appellant offered to give bond in any amount required by the register. The register declined to comply with this request, alleging that the appellant was not a residuary legatee and, further, that the codicil above quoted delegated to him the authority to name the administrator cum testamento annexo, and in so doing to disregard the limitations upon his authority contained in the statutes which conferred that authority. The register appointed the Crawford County Trust Company administrator cum testamento annexo, and issued letters accordingly. The court below dismissed an appeal and sustained the action of the register, and the single question presented is whether that court and the register exercised the authority conferred upon them in conformity with law.

The contention that this appellant is not a residuary legatee of the will is not well founded. She is entitled to a life estate in one-half of the residue, with power to consume it if necessary for her comfort. The question whether, under the provisions of the will and the codicil, the register was required to issue letters to the appellant is more difficult. The second section of the Fiduciary Act of June 7, 1917, P. L. 458, which is a reënactment of Sec. 22 of the Act of March 15, 1832, P. L. 135, requires: "And provided further, that in all cases of administration with will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right of such residue, and the administration in such case shall be granted, by the register, to such one or more of them as he shall judge will best administer the estate." It has been held, under this legislation, that when the appointment of an administrator cum testamento annexo becomes necessary, the register must issue the letters to such one or more of

those entitled to the residue of the estate as he shall judge will best administer the estate, or to such person as those entitled shall nominate: Padelford's Est., 189 Pa. 634; Jones' App., 10 W. N. C. 249. In the ordinary case of the mere failure of the testator to name an executor, or of the death of one named, the register is without power to issue letters to a stranger. The learned judge of the court below based his decision upon the ground that when the testator said in this codicil, "instead of having my daughters Hattie and Ruth appointed executors, I ask the court to appoint the executors"; it was to be given the same effect as if he had said, "I appoint the court, the register or judge, as my agent to exercise his discretion in selecting an executor." He further says in his opinion: "We are of the opinion that testator vested in the court an absolute discretion to make the appointment, untrammelled by the provisions of the statute." We cannot assent to the doctrine, thus broadly stated. The testator did not say that he constituted the register his agent to appoint some person to administer his estate. He did "ask the court to appoint an executor." What court? If he had distinctly said that he asked the Court of Common Pleas to appoint an administrator, it seems too clear for argument that he could not have thus conferred jurisdiction upon that court, in the face of the clear provisions of the statutes which confer the jurisdiction upon the register, and specify the manner in which that jurisdiction shall be exercised. It is clear that the testator was ignorant of the provisions of the law relating to the administration of the estates of the dead. What he meant was that he did not himself wish to appoint an executor, but that it was his desire that the appointment should be made by the tribunal authorized by law to make it. Conceding that the codicil is to be given the same effect as if it in specific terms asked the register to make the appointment; this would neither have conferred nor amplified the jurisdiction of the register. He would still act as the officer of the law,

and his power was subject to the limitations fixed by the statutes which conferred his authority. When the law confers upon a court or public officer jurisdiction to do a particular thing and a litigant or a citizen asks that that thing be done, it is necessarily implied that the court or the officer will proceed in the manner required by law. If this testator had made a codicil revoking all the bequests contained in his will and saying: "I ask the Orphans' Court to make distribution of my estate," can there be any doubt that the court would be required to make the distribution according to the intestate laws?

There is in this case, however, more than mere failure upon the part of the testator to appoint an executor of his will. In the will as originally written he had given to his daughters a life estate only in the residue of his estate and appointed said daughters executrices of his will. In the first codicil he enlarged the bequest of the residue to his daughters for life, by giving them authority to consume so much of the estate as was necessary for their comfort. He subsequently added the codicil in question. When the testator said: "I hereby add this codicil instead of having my daughters Hattie and Ruth appointed executors, I ask the court to appoint the executors"; it was equivalent to saying "I do not wish the administration of my estate to be committed to the hands of my daughters." The testator must be presumed to have known that executors are not ordinarily required to give bond, he had a short time before given to these daughters the right to consume the principal of the property, in which, under the terms of the will as originally written, they only had a life estate, and there was no person who would have had a right to call them to account except the children of one of the daughters and those children were minors. Whatever may have been the motive which induced the testator to make the change, it seems clearly manifest that it was not his intention that the settlement of his estate should be committed to the hands of his daughters. Had the testator named an executor, the re-

siduary legatees would have had no standing to object. The testator might have bequeathed his entire estate to other parties. He gave the residue of his estate to his daughters and to that fact alone do they owe any right to be consulted as to the administration of this estate. The law gives to the residuary legatee the right to be consulted as to the administration, for the reason that the expenses of the administration must come out of the residuary estate, it is an incident accompanying the bounty of the testator, but this testator has said that he does not wish these residuary legatees to have the benefit of that incident. It may be that the action of the register and the court below should not be for this reason, alone, sustained, but it appeared at the hearing in the court below that the daughter, Hattie, who had originally objected to the grant of letters to this appellant and then withdrawn her objection, had again changed her mind, and now favors the appointment of the appellee. We thus have the two sisters, the life tenants of the residuary estate, arrayed against each other, and the children of Hattie, who are the legatees of the corpus of the estate, are minors and have taken no part in the proceedings. The appeal from the decision of the register brought the matter up de novo before the Orphans' Court, and it there appeared that Hattie, one of the life tenants, and the mother of the children who were the legatees of the corpus of the estate, was in favor of committing the administration of the estate to the appellee. The appellee must therefore be considered as the nominee of Hattie. This being so, and in view of the provisions of the will, we are of opinion that the action of the court below was not so clearly erroneous as to warrant a reversal.

The decree is affirmed and the appeal dismissed at costs of the appellant.