## Rachel Maurer *vs.* David W. Naill and Jno. W. Walker, Exc'rs of Paul Maurer.

A widow, who, by an ante-nuptial agreement, had relinquished her rights to her husband's estate, in virtue of the marriage, has no right to administer upon his estate nor to object to the validity of the probate of his will.

Appeal from the Orphans Court of Baltimore city.

By an *ante-nuptial settlement* between the appellant and the testator of the appellees, the former agreed that neither she

nor her representatives, either before or after the death of the latter, would "in any way" claim "his property, real or personal," in consideration of a similar relinquishment of claim by him and his representatives to her property. After the death of the latter, his will, which was signed and sealed by him, but not attested by witnesses, though the attestation clause was duly inserted, was, upon proof of his signature thereto and that the body of the same was in his handwriting, admitted to probate, and letters testamentary upon his personal estate granted to the appellees, the executors therein named. The appellant thereupon filed her petition, objecting to the validity of the probate of the will, and praying that the same, as well as the grant of the letters testamentary, might be revoked, and letters of administration granted to herself, as widow of the deceased. From the order of the court dismissing her petition, she appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Wm. Schley* for the appellant, insisted:—1st. That the paper ought not to have been admitted to probate in the state of circumstances under which it was offered. There should have been some evidence offered to the court, that the party intended the paper to be his will in the state in which it then stood. 1 *Jarman on Wills*, 93, 98, and cases there cited. 4 *H. & J.*, 166, *Tilghman vs. Steuart.* 2nd. If the will be void the widow is entitled to letters of administration. The record shows that the only children of the deceased are married women, the appellant, therefore, is the party to whom, by the act of 1798, ch. 101, sub-ch. 5, secs. 10 and 19, administration *must* be granted. The words of the act are *imperative* and *unqualified:*—"*shall be granted to the widow.*" If she brings herself *within the description* of the act, she is entitled, whether she may have relinquished her right to any share in her husband's estate or not.

*John Nelson* for the appellees. The only question in the

case is, whether the appellant had the right to administer, for it is clear that no *stranger* can come in and interpose a *caveat* to the will. Having relinquished *all interest in her husband's estate*, she has no such right. *Tollers on Exc'rs*, 85. 1 *H. & McH.*, 346, *Govane vs. Govane.* 6 *G. & J.*, 349, *Ward vs. Thompson.* 8 *Gill*, 285, *Ex-parte Young.* 6 *Munf.*, 132, *Bray vs. Dudgeon.* 4 *Leigh*, 152, *Thornton vs. Winston.* 14 *Sme. & Mar.*, 68, *Fowler vs. Kell.*

Tuck, J., delivered the opinion of this court.

This case must be disposed of upon the construction of the ante-nuptial agreement between the appellant and her husband. If she has relinquished her rights to his estate in virtue of the marriage, she has no claim to the administration of his estate, nor to object to the validity of the probate of his will. Something was said at the bar as to the inadequacy of the consideration of that agreement, reference being had to the extent and value of the husband's property before the marriage. But with such questions we have nothing to do on the present record, so long as the agreement remains in existence.

We do not perceive how this case can be distinguished from *Ward vs. Thompson*, 6 *G. & J.*, 349. The point there was as to the right of administration on the wife's estate. Letters were claimed by the husband and by one of her children, and the Court of Appeals held, that the husband, by his marriage contract, had not only suspended his marital rights during coverture, but had relinquished them forever. In this case it appears that the parties mutually agreed, that at the death, or before or after the death, of the other, his or her property should not be claimed in any way by the survivor. This was as entire an abandonment of all right of administration as was contained in the deed in *Ward vs. Thompson.* We have no doubt that the court would have also decided, if the question had been before them, that Thompson had no interest whatever in any part of the wife's estate. That is certainly the effect of the agreement in this case; and having abandoned all claim to the property, the appellant can have no right to question the propriety of the probate of the will. We express no

opinion on the rights of this appellant merely as widow independently of the marriage agreement.

*Order affirmed with costs.*