MAY TERM, 1881, No. 153.          MAY 25TH, 1881.

## Appeal of Anna B. Sieber *et al.*

An antenuptial settlement which provides that the wife, in case of her surviving her husband, shall receive "out of his personal estate the one-fourth ($\frac{1}{4}$) part thereof, and also the one-third ($\frac{1}{3}$) of the annual income of such real estate as he may die seized of, for and during her natural life," and that "she will not claim any further interest in the estate," does not deprive her of her right to administer upon his estate in case of his death.

APPEAL from the decree of the Orphans' Court of *Juniata County*, directing the issue of letters of administration upon the estate of George W. Jacobs, deceased.

George W. Jacobs, of said county, in anticipation of marriage with Georgia E. Brandt, entered into an agreement with her, June 11th, 1879, which provided, *inter alia*, that he should maintain the three minor children of the said Georgia until eighteen years of age, and "that in case the said intended marriage shall be consummated, and the said Georgia E. Brandt shall survive him as his widow, then she is to receive out of his personal estate the one-fourth ($\frac{1}{4}$) part thereof, and also the one-third ($\frac{1}{3}$) of the annual income of such real estate as he may die seized of, for and during her natural life. To which settlement and allowance the said Georgia E. Brandt consents and agrees, and stipulates on her part that in the event of her survivorship as aforesaid, she will not claim any further interest in the estate of the said George W. Jacobs."

Jacobs died January 5th, 1881, and left surviving him his widow, the said Georgia E. Jacobs, and one daughter, Anna B. Sieber, wife of Isaac N. Sieber. Both the widow and daughter made application to the register for letters of administration on the estate. The proceedings were certified to the Orphans' Court, which, JUNKIN, P. J., January 31st, 1881, made a decree directing letters to issue to Georgia E. Jacobs, widow, and Benjamin Jacobs, a brother of the decedent, jointly.

From this decree Anna B. Sieber and her husband appealed, assigning for error the granting of letters as stated, and the refusal to grant them to the appellants.

[Appeal of Anna B. Sieber *et al.*]

*Louis E. Atkinson* and *Ezra D. Parker* for the appellants.

The right to administer is put expressly on the ground of interest: Ellmaker's Estate, 4 Watts, 38.

One in the relation of a litigant should not have letters granted: Bieber's Appeal, 1 Jones, 161.

The feelings of the widow as the mother of her children, and her interests, will impel her to make all the advantage she can out of the provision in the marriage contract securing maintenance to them out of the estate. Her interests are antagonistic to the estate.

She can have no greater interest in the estate than the contract gives her. If her rights may be extended by the Court in one particular, why not in all?

Marriage articles are founded on a good consideration: Shoch *v.* Shoch, 7 H., 252; Tiernan *v.* Tiernan, 37 Leg. In., 184.

She was entitled to no rights in the estate as widow, and therefore the daughter could not be passed: Williams's Appeal, 7 Barr, 259; McClellan's Appeal, 4 Harris, 110; Guldin's Appeal, 33 Leg. In., 290.

There was no paper-book for the appellee.

PER CURIAM: The act of 15th March, 1832, gives the widow a right to administer on the estate of her deceased husband when he dies intestate. In this case it is claimed the widow is deprived of that right by reason of her antenuptial settlement. If she had, in consideration of such a settlement of a specific sum, released all right of dower and all interest of every kind in the residue of the real and personal estate of her husband, there would be some force in the position taken. That, however, is not this case. Here she is to have one-fourth part of his personal estate and one-third part of the annual income of his real estate. Her interest in his estate is thus little less than if no marriage contract had been executed. She has a direct interest in the settlement of the estate. The Court committed no error in directing letters of administration to be issued to the widow and brother of the decedent.

Decree affirmed, and appeal dismissed at the cost of the appellants.