# Wilkey's Appeal.

1. The fact that the widow of a decedent is illiterate, and over seventy years of age, does not deprive her of her statutory preferred right to letters of administration on the estate of her husband, where she appeared to have " as good business capacity as the ordinary run of farmers' wives." Bowersox's Appeal, 4 Out., 434, followed.

2. On an appeal from the refusal of the Orphans' Court to order the revocation of letters of administration granted by the Register of Wills, the Supreme Court will not review the discretion of the Register in granting such letters unless it appears that his discretion was abused, or his duty was manifestly disregarded.

3 On an appeal in a case such as the above, evidence offered by the appellant to show errors in the inventory filed by the administratrix and to show the extent of the decedent's estate and the position of the heirs in regard to a certain contest pending about it, is irrelevant and inadmissible.

February 2d, 1885. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

CERTIORARI to and Appeal from the Orphans' Court of *Fayette County*: Of July Term, 1884, No. 169.

This was an appeal by John Wilkey and Henry Wilkey, from a decree of said court dismissing their appeal from the decision of the Register of Wills granting letters of administration upon the estate of James Wilkey, deceased, (appellant's father) to Catharine Wilkey his widow.

James Wilkey, an aged farmer, died intestate, possessed of an estate real and personal valued at about $40,000, leaving to survive him a widow and four children, the youngest of whom, Philip, had resided with his father during the latter years of his life. Prior to the old man's death, the other children had caused a proceeding in lunacy to be instituted, alleging as evidence of insanity, that he had made certain agreements with his son Philip under undue influence and weakness of mind, whereby the latter acquired a claim to the bulk of his property in consideration of his maintaining his father, which consideration was grossly inadequate, &c. These proceedings were pending at the time of decedent's death.

The demand of the widow for letters of administration to be granted to her was supported by Philip, but was opposed by John and Henry on the ground that she was aged, illiterate, unduly influenced by Philip, and generally incompetent to administer the estate. The Register decided otherwise, and issued the letters to her. Thereupon John and Henry appealed from the Register's decision to the Orphans' Court.

The grounds of the appeal were set forth in the petition as follows:—

1st. The said Catharine is more than seventy-eight years old and is unable to read or write English.·

2nd. The said Catharine is unacquainted with business and money matters and incapable of discharging the duties of the said administration.

3d. The said Catharine is unduly influenced and controlled by the said Philip Wilkey.

4th. The duty of the said administrator will be to contest the validity of numerous transfers and assignments of personal property and choses in action made by the said James to the said Philip through fraud and undue influence exercised by the said Philip, to the damage of your petitioners, and the said Catharine positively declared to the said Register before the said letters were granted to her, that she would not carry on any lawsuit or litigation against the said Philip.

5th. The said letters of administration should be granted to a stranger.

The answer of the administratrix set forth that " she has faithfully performed her duties as administratrix, in accordance with the requirements of the oath she took when entering upon said duties; that she has filed a true inventory of said estate, had a sale, and filed in the proper office a true return thereof; that she has given a bond in the sum of two thousand dollars for the faithful performance of her duties, and that the allegation in the appellants' petition that your respondent is unduly influenced by her son Philip, is wholly untrue, and that the further statement that your respondent said before the Register that she would not carry on any lawsuit, or litiga· tion against Philip, is also wholly untrue; as your petitioner then and now says she will do her whole duty as administratrix of the said estate."

The testimony showed that Mrs. Wilkey was over seventy years of age and illiterate, but "she has as good business capacity as the ordinary run of farmers' wives."· " She is just as competent to settle James Wilkey's estate as any other woman—no woman would be ordinarily. If she could read and write she would have to have an attorney." There was a conflict of testimony on most of the questions involved.

The appellants in the court below offered to show by a witness (1) that the inventory and appraisement filed by the administratrix is not correct, and offers to prove certain items of personal property belonging to the said estate which are omitted from the said inventory for the purpose of showing that the administration of the estate so far, has not been properly done." (2) to show the entire extent of James Wilkey's

real estate, and the position of the heirs in regard to a certain contest pending about it.

Offers objected to as irrelevant; objections sustained, and evidence excluded. Exception. (First and second assignments of error).

The court dismissed the appeal from the Register, and confirmed the grant of letters of administration to the widow. John and Henry Wilkey thereupon took this appeal, assigning for error the exclusion of the above offers of testimony and the decree.

*Edward Campbell*, for the appellant.

*R. H. Lindsey*, for the appellee.

The opinion of the court was filed February 16th, 1885.

PER CURIAM. The principal complaint is the refusal of the court to revoke the letters of administration granted to the appellee.

It is the duty of the Register to grant letters of administration to such one entitled as he shall judge will best administer the estate. Other things being equal the widow is entitled to be preferred. Unless the legal discretion of the Register appears to have been abused, or his duty manifestly disregarded, we will not review his selection. We discover no such conduct in the present case. The appellee appears to possess the necessary qualifications; Bowersox's Appeal, 4 Out., 434. The evidence offered was correctly refused.

> Decree affirmed and appeal dismissed at the costs of the appellants.