## Estate of Sarah Failor, deceased. Appeal of Levi Failor.

*Administrators—Register's discretion in appointment.*

A register of wills is bound to exercise a sound discretion when he selects outside of those to whom the statute gives the right of administration, and in the absence of all evidence against his appointee, a sound discretion is to be presumed.

## 254  FAILOR'S ESTATE. FAILOR'S APPEAL.

*Decedent's estate—Administration—Grant of letters—Insolvency or hostile interest disqualifies.*

Where there is personal incompetency in individuals belonging to the class preferred for administrators the register exercises a sound discretion when he refuses to grant letters to a member of such preferred class because of his insolvency and alleged indebtedness to the estate in question. An insolvent or party litigant is not a proper appointee.

Argued March 15, 1899. Appeal, No. 38, March T., 1899, by Levi Failor, from decree of O. C. Cumberland Co., discharging citation to the register of wills and dismissing appeal from decision of said register. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by W. W. PORTER, J.

Appeal from decision of register of wills. Before E. W. BIDDLE, P. J.

The facts appear from the following extract from opinion of the court below:

The decedent died on August 30, 1898, leaving as her nearest relatives and the distributees of her estate, a brother, Levi Failor, and a sister, Mrs. Margaret Throne. Levi having declined to take out letters of administration, on October 5, 1898, Mrs. Throne renounced her right to do so, and requested that they be granted to her son, John A. Throne. On October 6, 1898, before letters had been issued, Levi Failor applied for them, and he then insisted and still contends that, as the brother and nearest relative, his claim must be recognized. By appointment, the register of wills met the respective parties with their counsel, and having patiently inquired into the matter in dispute, decided that letters could not properly be granted to the brother, but that the nephew would be a suitable person for the office of administrator, and therefore appointed him. The register gives as his reason for the rejection of the claim of the brother, that, in the register's opinion, he is insolvent, or in danger of shortly becoming so, and likewise that he is a debtor to the estate and wants the office in order to protect himself from the payment of said indebtedness, and to hinder and delay the collection thereof. The register acted in a judicial capacity in the determination of the questions before him, and unless he has clearly abused his discretion, we cannot legally interfere

with the result he has reached.  After a careful examination of all the papers and testimony in the case, we do not find any abuse of discretion, and therefore cannot sustain the appellant's contention.

The answer of the register of wills set out, inter alia, as follows:

That letters were refused to Levi Failor because your respondent believed that he was already, or would soon become, insolvent; that he was largely indebted to the estate of decedent, which indebtedness he denied, and desired to obtain said letters for the purpose of evading his liability to said estate.  That John A. Throne was well fitted to have letters of administration granted him, and was under no disability in such respect; that the appeal and citation granted on the petition of Levi Failor were improperly granted and should be dismissed at costs of said Levi Failor.

The court below entered the following decree:

[And now, January 19, 1899, the citation is discharged and the appeal dismissed, and it is ordered that the appellant, Levi Failor, pay the costs of this proceeding, including the costs of taking depositions.] [1]

Levi Failor appealed.

*Errors assigned* were (1) entry of decree, reciting same. (2) In not revoking the letters of administration on the estate of Sarah Failor, deceased, granted to John A. Throne. (3) In not granting such letters of administration to Levi Failor.

*Robert McCachren* and *E. M. Biddle, Jr.*, for appellant.— The discretion given to the register is limited to a selection from those asking, if competent, in each class in their order. He cannot pass by any one of the next of kin, competent and willing to take, and vest the appointment in a stranger: McClellan's App., 16 Pa. 110; Gulden's Est., 81* Pa. 362; Gyger's Est., 65 Pa. 311.  The act is mandatory to the register: Woods's App., 55 Pa. 332; Jones's App., 10 W. N. C. 249.

As between Mrs. Throne and the appellant, the register was bound to prefer the appellant, as a male: Single's App., 59 Pa. 55.

The entire proceedings violated the rule that the witnesses

should be heard as in court, the register stating that no witness was sworn at any time in the proceedings before him. It is clear, therefore, that, under the circumstances, the register abused his discretion in refusing to grant letters to the appellant.

It was admitted that Throne was executor of an estate that is indebted to decedent's estate, and that he himself had an interest in said debtor estate. Such interest disqualified him for the position of administrator of decedent's estate: Heron's Est., 6 Phila. 87; Ellmaker's Est., 4 Watts, 34; Hassinger's Appeal, 10 Pa. 454; Kellburg's Appeal, 86 Pa. 129.

*A. G. Miller,* for appellee.—Undoubtedly the register may revoke letters granted to one belonging to the class entitled to administration, if the grantee have a personal disqualification: Bieber's Appeal, 11 Pa. 157; Shomo's Appeal, 57 Pa. 356. For the same reason he may, in the first instance, refuse to grant letters to one otherwise entitled to administration.

The register is bound to exercise a sound discretion when he selects outside of those to whom the statute gives the right, and in the absence of all evidence against his appointee, a sound discretion is to be presumed: Woods's Appeal, 55 Pa. 332.

Letters ought not to be granted to an heir who has the principal part of the estate in his hands, or who is a litigant with the estate: Bieber's Appeal, 11 Pa. 157; Ellmaker's Estate, 4 Watts, 34; Kellberg's Appeal, 86 Pa. 129; Schmidt's Estate, 183 Pa. 131.

Insolvency renders a person otherwise entitled incompetent to receive a grant of letters of administration: Cornpropst's Appeal, 33 Pa. 537.

There are certainly prima facie rights to priority of administration, but they may be controlled by evidence of incompetence or unfitness from circumstances: Hassinger's Appeal, 10 Pa. 454.

OPINION BY WILLIAM W. PORTER, J., April 24, 1899:

Sarah Failor died August 30, 1898, intestate, leaving a brother, Levi Failor, and a sister, Margaret Throne. The brother at first declined to take out letters of administration. The sister renounced, and on October 5, 1898, requested the register to issue letters to her son, John A. Throne, whereupon

Levi Failor changed his mind, and on October 6, 1898, appeared and requested letters to be issued to him. The register held one or more informal meetings to hear the parties. He interrogated both Failor and Throne at the meetings and in private as to their fitness to administer. It is complained that he did not swear them as witnesses. He was not requested to swear them. Nothing has been shown to us in the way of judicial authority or legislation requiring the register to swear the persons from whom information for his guidance is sought. True, it were well to do so, and to preserve the notes of the testimony taken, for his own protection, but the obligation to observe these formalities is only placed upon the register's (or orphans') court when the proceedings reach that forum on appeal: Act of March 15, 1832, P. L. 135. The register seems to have pursued his inquiries far in this case in order to reach a sound judgment upon the question, whether the brother of the decedent (whose right to administer under the act was the first to be considered) was a proper person to administer. He finally reached the conclusion that the brother was not such a person, by reason of his existing or impending insolvency, and by reason of the fact that he was an alleged debtor to the decedent's estate in a large amount, which debt he evasively denied, but which was likely to become the subject of litigation, and which, if due, was a considerable portion of the decedent's estate. The conclusion of the register was a wise exercise of discretion. The act of assembly undoubtedly gives priority to certain classes of relatives in the selection of an administrator, but it recognizes the rule (which obtained previously) that there may be personal incompetency in individuals belonging to the preferred class: Hassinger's Appeal, 10 Pa. 454; Shomo's Appeal, 57 Pa. 356; Kellberg's Appeal, 86 Pa. 129; Schmidt's Appeal, 183 Pa. 129. The act does not define the grounds of disqualification, but " there is no doubt that insolvency is one: " Cornpropst's Appeal, 33 Pa. 537; Levan's Appeal, 112 Pa. 294. The first reason given by the register for his action is, therefore, sound. But so also is the second, for it was early held that a party litigant is not a proper appointee, the court saying, in Ellmaker's Estate, 4 Watts, 34, " the courts have constantly declined putting a person so situated in possession of the property by granting administration to him pending suit."

True, here, no suit was pending between Failor and the decedent, but after her death it was imminent and apparently unavoidable. Furthermore, the refused applicant claimed that, what was alleged to be a debt due by him to his sister's estate, was a gift from her to him. Bieber's Appeal, 11 Pa. 157, where the oldest son was refused letters, applies to this state of facts. The opinion concludes : " Isaac was an improper person for administrator after the allegation that he had the principal part of the estate in his hands, which he denied. . . . This is a strong case. Here, Isaac was already in possession of more than half of the estate. It is said he claimed it as a gift from his mother. This position rendered him an incompetent person to perform the duties of the office of administrator, which is one of trust and confidence and ought to be committed to a person who has no interest in opposition to the other heirs of the estate." It will thus be seen that there was no abuse of discretion on the part of the register of wills in rejecting the application of the present appellant for the grant of letters of administration.

It has been noted that the sister of the decedent, the only heir in the class of the appellant, renounced. The register made a selection of a male in the next class of relatives. Nothing has been alleged against his character. While not rich, he is by no means insolvent. It is said that he is one of the two executors of his father's will, and that the estate is indebted to the estate of the decedent. This is openly admitted, and it is alleged that the debt will, in due time, be paid. It is to be noted that this is not the debt of the register's appointee personally, although he has an interest in his father's estate.

Furthermore, the sister of the decedent whose estate is now before us, has by renouncing in his favor commended the person appointed by the register. This fact is not to be ignored. True, it was not the nomination of all parties in interest, but it was an aid to a proper exercise of discretion by the register when he granted the letters. In Ellmaker's Estate, supra, Mr. Justice Rogers expresses the opinion that the register is bound to respect the nomination of the next of kin ; but it is said, in Wood's Appeal, 55 Pa. 332, that the act makes no provision for nominees or substitutes for the parties in interest. It is a mandatory rule in respect to the parties themselves, and " though it has been said he ought to respect the recommendations of

substitutes, the statute prescribes no rule of choice in this re-
gard. He is bound to exercise a sound discretion when he se-
lects outside of those to whom the statute gives the right, and
in the absence of all evidence against his appointee, a sound
discretion is to be presumed."

We are unable to say that there has been shown any abuse
of this discretion on the part of the register, or any manifest
disregard of duty warranting a reversal : Wilkey's Appeal, 108
Pa. 567.

Judgment affirmed.