## Friese's Estate.

Argued October 5, 1934. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*H. F. Stambaugh,* with him *Cresswell S. Shumaker* and *Watson & Freeman,* for appellants.

*Harbaugh Miller* and *Donald Thompson,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 26, 1934:

The court below was of the opinion that, under the Act of June 7, 1917, P. L. 447, section 2 (c), as amended by the Act of May 13, 1925, P. L. 687, where a spouse sur-

vives the deceased the "statute . . . is explicit that the survivor be preferred over all other persons" in appointment as administrator. The Act of 1917 reënacted the Act of March 15, 1832, P. L. 135.[1] In granting letters, the register acts in a quasi judicial capacity: Phillip's Est., 293 Pa. 351, 355. The act sets up distinct classes of persons eligible for appointment as administrators.[2] Within the class the register may exercise his discretion unless otherwise directed,[3] but he cannot disturb the order of appointment outlined by the legislation.[4]

While under the act a spouse has a prima-facie right to administer (Hassinger's App., 10 Pa. 454), it was not

---

[1] "Whenever letters of administration are by law necessary, the register having jurisdiction shall grant them, in such form as the case shall require, to the [widow] surviving spouse, if any, of the decedent, or to such of his or her relations or kindred as by law may be entitled to the residue of his or her personal estate, or to a share or shares therein, after payment of his or her debts; or he may join with the [widow] surviving spouse in the administration such relations or kindred, or such one or more of them as he shall judge will best administer the estate, preferring always, of those so entitled, such as are in the nearest degree of consanguinity with the decedent [and also preferring males to females]; and, in case of the refusal or incompetency of every such person, to one or more of the principal creditors of the decedent applying therefor; or to any fit person, at his discretion: Provided, That if such decedent was a married person [woman, her husband], the surviving spouse shall be entitled to the administration, in preference to all other persons: And provided further, That in all cases of an administration with a will annexed, where there is a general residue of the estate bequeathed, the right to administer shall belong to those having the right to such residue, and the administration in such case shall be granted by the register to such one or more of them as he shall judge will best administer the estate." The parts in brackets show the changes made by the Act of 1925 from the Act of 1917.

[2] Stoefer v. Ludwig, 4 S. & R. 201; Hoar's App., 18 W. N. C. 503; Gyger's Est., 65 Pa. 311.

[3] Levan's App., 112 Pa. 294; Brubaker's App., 98 Pa. 21.

[4] Guldin's Est., 81* (sometimes cited as 81½) Pa. 362; McClellan's App., 16 Pa. 110; Swart's Est., 189 Pa. 71; McMurray's Est., 256 Pa. 233.

intended by the act that she should be sole administratrix if the register determined otherwise: Gyger's Est., 65 Pa. 311. The act permits the joinder with her of other relatives, but all classes are subject to the limitation that they must be fit persons. The proviso, "the surviving spouse shall be entitled to the administration, in preference to all other persons," must be read in connection with the enacting clause. The office of a proviso is to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation. When the proviso is read with the enacting clause, the act declares that all "other things being equal the widow is entitled to be preferred," (Wilkey's App., 108 Pa. 567), but she cannot claim that she is in a class entirely by herself.

Historically, the right of administration was placed on the ground of interest in the estate. Early judicial construction of the Act of 1832 stated: "The right to administration is put expressly on the ground of interest, on the reasonable presumption that the person most interested to increase the estate is most competent to administer": Ellmaker's Est., 4 Watts 34, 38. The same principles are expressed by Justice Woodward in Kellberg's App., 86 Pa. 129, 133, and in Appeal of Anna B. Sieber, 1 Penny. 191. It was reiterated in Reamer's Est., 315 Pa. 148, where we held that one who has no financial interest in an estate has no standing to nominate an administrator for it. The cases from other jurisdictions support the principle that administration should only be granted to those having an interest in the estate.[5]

In addition to the fact that she is required to have an actual interest in the estate, she may be further disqualified by being unfit to administer. Among these disquali-

---

[5] In re Walker's Est., 169 Calif. 400, 146 Pac. 868; In re Davis's Est., 106 Calif. 453, 39 Pac. 756; Gooch v. Suhor, 121 Va. 35; Charles v. Charles, 49 Va. 486; Maurer v. Naill, 5 Md. 324; In re Bartz's Est., 207 Wis. 639, 242 N. W. 171; Johnson v. Johnson, 15 R. I. 109, 23 Atl. 106,

fications are insolvency,[6] nonresidence,[7] conviction of crime,[8] claim of interest hostile to the estate,[9] unfriendly feeling between the parties,[10] dissatisfaction and antagonisms between the widow and the children.[11] It is apparent from the decided cases that the appointment of the surviving spouse is not mandatory in all cases. That they have a prima facie right so to act is without question; the register may not lightly set aside any one within the class entitled and prefer one in a remoter class or a stranger. Appointees as administrators must not possess any of the disqualifying characteristics mentioned. In Warner's Est., 207 Pa. 580, the facts are somewhat parallel to those in the case at bar. There, as here, an antenuptial contract was contested by the widow, and it was apparent much feeling between the parties existed. The widow there, as here, contended the antenuptial contract was invalid, and the court below, without deciding the validity of the contract, granted letters to the widow. We reversed the court below in Warner's Est., supra, saying: "With the antagonisms and differences existing between the appellee and the two sons of her husband by his former marriage, the best interests of the estate will be promoted by committing the administration of it to some disinterested fit person to be appointed by the register of wills, if the parties to this controversy cannot agree upon an administrator."

The only difference which we would make between the order in the last named case and here is this: here Charles

[6] Cornpropst's App., 33 Pa. 537; Failor's Est., 10 Pa. Superior Ct. 253; Levan's App., 112 Pa. 294.

[7] Sarkie's App., 2 Pa. 157; Frick's App., 114 Pa. 29; see Padelford's Est., 189 Pa. 634.

[8] Altemus's Est., 1 Ash. 49.

[9] Hassinger's App., 10 Pa. 454; Failor's Est., 10 Pa. Superior Ct. 253; Schmidt's Est., 183 Pa. 129.

[10] Schmidt's Est., 183 Pa. 129; Kellberg's App., 86 Pa. 129.

[11] Hassinger's App., 10 Pa. 454; Warner's Est., 207 Pa. 580.

A. O. Friese left a will wherein his children were appointed executors. They had practically completed their administration and the estate was about to be closed. Meanwhile an attack was being made on the will and it was set aside, which left the estate open for the appointment of an administrator. Under these circumstances the register would be well within his discretion to permit those named executors to continue, as administrators, the management of the estate by filing their account and closing it up. There is nothing further to do to terminate the administration. The widow is not entitled to administration. Not only does her antenuptial agreement, if it is valid, bar any interest, but if it is invalid, she has a direct claim against the estate because of its invalidity. In the latter case she must remove the antenuptial agreement as an obstacle to her claim in the estate. The record also shows sufficient differences and animosities between the parties to make it imperative, were the estate not administered, to appoint a disinterested administrator who would protect the interests thereof.

The decree is reversed with a procedendo.