Boytor's Estate.

Argued March 10, 1938.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*Frank P. Slattery,* for appellants.

*George L. Puhak,* with him *Conrad A. Falvello,* for appellee.

OPINION BY PARKER, J., April 13, 1938:

Anna Kushick Boytor died intestate February 18, 1932, and on March 17, 1932, letters of administration on her estate were granted to John Boytor, Sr. Thereafter the appellants in this case, two of the children of the decedent by a previous marriage, presented a petition to the register of wills alleging that John Boytor,

Sr., was not in fact the husband of Anna Kushick and praying that the letters issued to him be revoked. The answer of the administrator alleged that he was in fact the husband of decedent and that she left to survive her two children by a former marriage, the appellants, and also two children by John Boytor, Sr. We are informed that Boytor claimed to be the common law husband of the decedent. After hearing and argument the register filed a decision dismissing the petition and finding that the letters "were duly and properly granted to John Boytor, Sr." While an appeal was taken from that decision to the orphans' court, it appears to have been abandoned.

After an account of his administration was filed by Boytor and the question of the distribution of the balance was reached, the orphans' court held that the decision of the register of wills refusing to revoke the letters granted to Boytor implied a finding that he was in fact the surviving spouse of decedent and that such alleged finding of fact was conclusive of that issue when raised on distribution in the orphans' court. That is the main question raised on this appeal.

The appellee, by a motion to quash this appeal on the ground that it was not taken within the time required by the statute covering appeals to this court, raises a preliminary question which must be answered and which requires a further reference to the pleadings.

The account of the administrator having been audited the matter of distribution was reached, when, in an opinion filed September 29, 1936, the orphans' court said, in part: "The Register of Wills acts in a judicial capacity and any decree of the Register of Wills is conclusive until reversed or set aside upon appeal within the time prescribed by law, and cannot be attacked collaterally. The question now raised on distribution is clearly a collateral attack on the decree of the Register of Wills. The question now raised was fully de-

termined by the Register of Wills at the hearing to revoke letters of administration, and we now refuse to consider this matter, and dismiss the exceptions. Distribution will be made to the heirs as determined at the time of audit, namely: John Boytor, Sr., surviving husband, Michael Kushick and Mary Kushick Marcinko, children by the first marriage, and John Boytor, Jr., and George Boytor, children by the second marriage."

To this order exceptions were promptly filed and, on October 27, 1936, a report of audit and distribution was also filed. To this report exceptions were likewise filed promptly. On October 11, 1937, the court below, after argument, dismissed the exceptions and confirmed "the Report of Audit absolutely." On November 17, 1937, the appeal was taken to this court. Appellee now contends that the appeal came too late and that it should have been taken from the order of September 29, 1936, or at least from the report of audit filed October 27, 1936.

We are of the opinion that the appeal was taken in time. The orders made in 1936 were in fact decrees nisi to which, following the usual practice, exceptions were filed. That those orders were interlocutory in accord with the practice in Luzerne County is apparent from the order of October 11, 1937, which was described by the learned president judge of the orphans' court as a "definitive decree," and wherein it was ordered that the exceptions be dismissed "and the report confirmed absolutely." "An order, to be final, must, in definite terms, dispose of the case as a whole, directing distribution to be made": *Holben's Estate*, 299 Pa. 348, 350, 149 A. 598. It will be noted that the opinion provided that distribution would be made as should be determined at the time of audit. "The only way to challenge the findings is first, by exception thereto in the lower court and then, if overruled, by assignments of error thereto on appeal": *Huff's Estate*, 299 Pa. 200, 204,

149 A. 179. While the court disposed of the matter as a question of law, it was a question of fact which the appellants were endeavoring to have decided. We think it clear that the court followed the established practice and intended the orders made in 1936 to be preliminary subject to further consideration if exceptions were filed, that the final decree was the one so described in the orders of October 11, 1937, and that the appeal was taken in time.

This is not a situation where the appellant has endeavored to extend the time for taking an appeal by proceedings after a final order has been made, but one where the usual practice in orphans' court has been followed, a practice similar to that in proceedings in equity.

The opinion filed shows that the orphans' court refused to consider the issue of fact raised for the reason that it deemed the matter had been conclusively determined by the register of wills adversely to appellants. We are of the opinion that the basis of the conclusion is not sound. Proceedings before a register of wills concerning the granting of letters of administration and for revoking those granted are usually more or less informal. We held, under the act which the Fiduciaries Act supplied and where similar language was used, that the register was not required to swear witnesses or to reduce to writing testimony heard by him. True, it is well to do so and to preserve the notes of testimony taken for the register's own protection, but those formalities were only required when the proceedings reached the register's or orphans' court on appeal: *Failor's Estate,* 10 Pa. Superior Ct. 253, 257.

The record in the register's office shows nothing more than a petition to revoke and answer thereto and the order of the register refusing the petition, without testimony, findings of fact, or reasons for the action taken. While the Register of Wills Act of 1917, §5 (20

PS 1863), authorizes the register to revoke letters granted by him to persons who were not the next of kin, such power is merely permissive and it does not provide that he must revoke letters so granted. While the Fiduciaries Act of 1917 gives priority of right to a surviving husband to administer the estate of his deceased wife, such right is not an absolute one. Other things being equal the surviving spouse is entitled to be preferred: *Wilkey's Appeal,* 108 Pa. 567, "but those otherwise entitled to administer may be rejected on account of the inexpediency of committing the trust to them": *Warners' Estate,* 207 Pa. 580, 584, 57 A. 35; *Ellmaker's Estate,* 4 Watts 34; *Bieber's Appeal,* 11 Pa. 157; *Cornpropst's Appeal,* 33 Pa. 537. The action of the register of wills determined but one matter and that was that the letters theretofore issued should not be revoked. The register might have concluded that he was not satisfied that Boytor had been the common law husband of the decedent and yet deemed it inexpedient to make a change. The question now raised therefore cannot be said to have been authoritatively determined in the previous action.

By the Orphans' Court Act of 1917, §9 (e) (20 PS 2245), the jurisdiction of that court extends to and embraces "the distribution of the assets and surplusage of the estates of decedents among creditors and others interested." We find nothing in the proceedings before the register which relieved the orphans' court from passing upon the issue raised.

The order appealed from is reversed and the record is returned to the court below for further proceedings not inconsistent with this opinion.