## Kiker Estate

*Joseph R. Young, Jr.*, for petitioner.

*Francis J. Catania*, for caveator.

VAN RODEN, P. J., February 14, 1957.—Decedent, Margaret Kiker, a resident of Collingdale, Delaware County, died July 31, 1956, testate, but failed to name an executor in her will.

A grandniece of decedent, Grace Kay, a resident of Haddonfield, N. J., and residuary beneficiary under the will, applied for letters of administration c. t. a. Before the Register of Wills of Delaware County took

any action, a nephew of decedent, William Miller, a resident of Philadelphia County, and legatee in the amount of $200 under the will, filed a caveat against the granting of letters.

At a hearing before the register of wills on August 29, 1956, it was stipulated that the will might be probated as the last will and testament of decedent, which was done.

The result of said hearing was an order by the register of wills, dated November 13, 1956, refusing the application of the said Grace Kay to be appointed administratrix c. t. a. for the sole reason that she is a resident of the State of New Jersey, and "she is, therefore, a nonresident within the meaning of section 307 of the Fiduciaries Act of 1949, and disqualified under that section", and directing letters to be issued to the said legatee, William Miller, because he is a resident of the Commonwealth.

From this action by the register of wills the said Grace Kay filed an appeal to this court, and a citation was thereupon awarded, directed to the parties in interest to show cause why the appeal of Grace Kay from the order of the register of wills should not be sustained and letters of administration c. t. a. issued to Grace Kay, or her nominee, returnable December 6, 1956.

On December 27, 1956, a hearing was held in open court upon the above recited citation.

The notes of testimony taken at this hearing disclose no dispute with respect to the facts.

The will provides for cash legacies totaling $900, including one in the sum of $200 in favor of William Miller, specific bequests of tangible personal property of little value, and the entire residue is distributable to the said Grace Kay, grandniece of decedent and appellant in the present proceeding. It appears that the estate of decedent consists of approximately $19,-

000 in personal property and $5,000 in real estate, and that the net estate would amount to approximately $18,000.

The said William Miller, nephew of decedent, is the beneficiary of a legacy of $200.

It also appears that the said Grace Kay, as residuary beneficiary, has a beneficial interest in the estate which is at least 18 times greater than the combined interests of all the other legatees.

The sole question to be determined by the court is whether the register of wills abused his discretion in refusing to grant letters of administration c. t. a. to appellant on the sole ground that she was a nonresident of this Commonwealth, and holding that the Pennsylvania residence of the said William Miller was of superior importance to the fact of the beneficial interest of the said Grace Kay in this estate being vastly greater than the interest of the said William Miller, and for this reason deciding that William Miller was entitled to act as administrator c. t. a.

Section 305(b) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.305(b), sets forth the duties and responsibilities of the register of wills with respect to the order of priority to whom said letters shall be granted, except for good cause. The first priority is:

"(1) Those entitled to the residuary estate under the will;"

It was held by the Supreme Court in Friese's Estate, 317 Pa. 86 (1934), at page 89:

"Historically, the right of administration was placed on the ground of interest in the estate. Early judicial construction of the Act of 1832 stated: 'The right to administration is put expressly on the ground of interest, on the reasonable presumption that the person most interested to increase the estate is most competent to administer': Ellmaker's Est., 4 Watts 34, 38.

The same principles are expressed by Justice Woodward in Kellberg's App., 86 Pa. 129, 133, and in Appeal of Anna B. Sieber, 1 Penny. 191."

In Buell Estate, 2 Fiduc. Rep. 10 (1951), at pages 12 and 13, Judge Lefever of the Orphans' Court of Philadelphia County, construes section 305(b) of the Fiduciaries Act of 1949 as follows:

"The 1949 Act governs this case since decedent died subsequent to January 1, 1950. The quoted section of that act confers the right to administer upon the basis of *interest* in the estate and not upon the basis of *relationship* to the decedent which was the ruling factor under the Fiduciaries Act of 1917."

If Mrs. Kay were a resident of Pennsylvania, the present question would not be considered by the register of wills, for under section 305(b), the residuary beneficiary in this case would clearly be entitled to letters of administration c. t. a.

Section 307 of the Fiduciaries Act of 1949, 20 PS §320.307, provides:

"(a) *Discretion of Register*. The register shall have discretion to refuse letters of administration to any individual not a resident of the Commonwealth.

"(b) *Power of Attorney*. If a personal representative is or becomes a nonresident of the Commonwealth, the acceptance of his letters, or the act of becoming a nonresident, as the case may be, shall constitute The Secretary of the Commonwealth his attorney-in-fact upon whom service of process and notices may be made as to all causes of action relating to the decedent or the administration of his estate."

"The change in the law made by the addition of section 307 is important. Prior to 1949 nonresidence was held to be a disqualification (Frick's Appeal, 114 Pa. 29; Friese's Estate, 317 Pa. 86), but now this disqualification is removed and the register has '*discretion to refuse*' letters to a nonresident. The reversal of

emphasis is pointed up by section 307(*b*) which provides that the acceptance of letters constitute the Secretary of the Commonwealth attorney-in-fact for the service of process": Quoted from counsel's brief on behalf of Grace Kay.

We do not consider the opinion of the Superior Court in Flora Appeal (No. 1), 180 Pa. Superior Ct. 237 (1956), applicable in the instant case, for the reason that this opinion affirms the change made in the law by section 307 of the Fiduciaries Act of 1949. There, one of the residuary legatees was refused letters on the grounds of nonresidence, *but the Fiduciaries Act of 1949 was not present in the case.* Decedent died in 1917, and section 105, 20 PS §320.105, provides that articles I to VII, which includes sections 305 and 307, apply only to the estates of *decedents dying on or after January 1, 1950.*

In the present case, the residuary beneficiary has filed with the register her bond in the sum of $38,000 (double the personal estate) with an approved surety. As part of the consideration for such surety, Mrs. Kay agreed with the surety company that all funds would remain on deposit in the Media branch of the Provident Trust Company of Philadelphia, and that the surety company would have joint control over all funds. Her local attorney is appointed attorney-in-fact for the service of process.

The purpose of the caveator, whose interest in the estate is almost negligible, could be seriously doubted. There is no evidence that Mr. Miller is a more substantial person than Mrs. Kay. He would be required to file the same bond, and he would be no more amenable to proces than petitioner. The added expense of his commission, perhaps the underlying motive, would have to be borne by Mrs. Kay from the residue.

As counsel has pointed out, the residence of the residuary beneficiary in New Jersey is physically more

convenient to this county than the bulk of the counties in the State of Pennsylvania. Furthermore, the funds of the estate will remain in this county.

Section 305(b) (6) of the Fiduciaries Act of 1949, 20 PS §320.305(b) (6), provides:

"(6) If anyone of the foregoing shall renounce his right to letters of administration, the register, in his discretion, may appoint a nominee of the person so renouncing in preference to the persons set forth in any succeeding clause."

At a hearing before the register, the right to renounce and nominate a suitable person was reserved by the residuary beneficiary in the event her petition for letters of administration was refused.

Such a right has been supported in the following reported cases: Ellmaker's Estate, 4 Watts 34 (1835); Bieber's Appeal, 11 Pa. 157 (1849); Swart's Estate, 189 Pa. 71 (1899); Uberti's Estate, 25 D. & C. 112 (1935). In Padelford's Estate, 189 Pa. 634 (1899), at page 638, the court in a per curiam opinion stated:

"When the register came to the conclusion that letters of administration, with the will annexed, should not be granted to either of the persons, then before him, claiming the same in their own right respectively, an opportunity should have been afforded to those entitled to the residue of the estate to nominate a suitable person, etc."

In the Padelford case, supra, the appellate court adopted the opinion of the court below, the Orphans' Court of Philadelphia, which is so well composed that we quote a portion as follows:

"Again, in Sarkie's App., 2 Pa. 157, the exclusive right of the residuary legatee is recognized, although it was there held that nonresidence was a disqualification of one otherwise entitled, and justified the appointment by the register of a stranger, the nominee of a party interested, but whose right to administra-

tion was inferior to that of the petitioner in that case. But what is said by Sergeant, J., is in effect disregarded and overruled in Jones's App., 10 W.N. 249, where it is said by Watson, P. J., and adopted by the Supreme Court: 'I feel very confident that no case can be found where it has been held that the register is at liberty to disregard the clearly expressed wishes of the parties preferred by the law and entitled to the estate, whether they be residents of this commonwealth or beyond its borders, and grant letters to a total stranger whose only interest is the expectation of earning commissions by his services in the execution of the trust; such stranger is not in a position to object to the granting of letters to a nonresident. The objection can be made only by the party in interest. *If the parties who are entitled to the estate are not in a position to administer it themselves, then the trust should be committed to their nominee, who has their confidence, and whose services are to be paid for from their funds.'* In that case the letters of administration d. b. n. c. t. a. previously granted to a stranger were revoked and new letters directed to be issued to the person selected by the residuary legatees. *The manifest purpose of the act is that the supervision and control of the estate should be committed to those who are directly interested in its management and preservation.* And this we cannot overlook nor disregard." (Italics supplied.)

It could be inferred from the order of the register of wills that he exercised his discretion in refusing letters of administration c. t. a. to Grace Kay as an "individual not a resident of this Commonwealth", by virtue of section 307 (*a*) of the act. On the other hand, he may have believed it was mandatory, or at least "better practice" to refuse letters for this sole reason.

However, the question in the instant case is actually not so much whether the register of wills abused his

discretion in refusing to grant letters to the nonresident residuary beneficiary and ordering them granted to the resident specific-legacy beneficiary. It is, rather, whether there was "good cause", within the purview of section 305(*b*) of the Fiduciaries Act of 1949, for his failure to follow the order of priority contained therein, of those entitled to the grant of letters of administration.

The facts in the instant case disclose no "good cause" why the residuary beneficiary should not be granted letters. Her competency has not been questioned and ample security for the performance of her duties has been provided. No advantage will be served by the appointment of the specific-legatee beneficiary. In fact, if letters were granted to William Miller, the only benefit resulting thereby would be to himself by permitting him to collect a commission upon the assets of this estate to the prejudice of the interest of Grace Kay. The situation is so obvious that further comment would be useless.

Careful consideration of the facts in the instant case, and of the provisions of section 305(*b*) and 307(*a*), unalterably lead us to the conclusion that the action of the register of wills (1) was not mandatory under section 307(*a*) ; (2) it was not the proper exercise of discretion in view of the provisions of section 305(*b*), and (3) no "good cause" had been shown for not following the order of priority to whom letters should be granted, to wit, priority (1), as provided in section 305(*b*).

Therefore, the court enters the following

### Order and Decree

And now, February 14, 1957, the appeal of Grace Kay from the order of the register of wills refusing her application for letters of administration c. t. a. and her appointment as administratrix, and granting

letters of administration c. t. a. to William Miller, is hereby sustained.

And, the register of wills is hereby ordered and directed to issue letters of administration c. t. a. upon the said estate of Margaret Kiker, deceased, unto the said Grace Kay, subject to the requirements provided by law in such cases.