## Kravitz Estate

*Leon H. Fox* and *Morris Passon*, for appellants.

*Elkins Wetherill* and *William H. Peace, 2nd*, for appellees.

TAXIS, P. J., June 4, 1959.—This matter comes before this court by an appeal by Harry Kravitz and Esther Passon from the grant of letters of administration by the Register of Wills of Montgomery County in the Estate of Max Kravitz, deceased.

Max Kravitz died on July 4, 1958, at his residence 1250 Knox Road, Wynnewood, Lower Merion Township, Montgomery County. He was survived by a widow, Ethel Kravitz, a brother, Harry Kravitz, and a sister, Esther Passon. Decedent's widow was tried and convicted of second degree murder of decedent in December of 1958. Motions for new trial and arrest of judgment were filed and argued and are presently pending before the court of oyer and terminer of this county. In December of 1958, counsel for the widow asked the register of wills to appoint an administrator pendente lite for her husband's estate. This the register refused to do on the ground there was not pending litigation before her. Thereafter the widow renounced

her right to administer her husband's estate and nominated Roger B. Reynolds, Esq., a member of this bar, as administrator. A hearing before the register was held on this petition to appoint an administrator which was opposed by the next-of-kin.

On May 22, 1959, the register of wills granted the petition of Roger R. Reynolds, Esq., for letters of administration. An appeal from that decree of the register was filed with this court on May 28, 1959, and the necessary bond posted. A supersedeas was also entered by this court on May 28, 1959, staying the hand of the administrator appointed by the register. A petition to dissolve this supersedeas was filed immediately. A full hearing was held by this court on June 3, 1957, and arguments presented on the issues of law raised by the appeal, and the petition to dissolve the supersedeas.

The single question before this court on appeal from the grant of letters of administration is whether the register of wills under the circumstances of this case acted in accordance with law in appointing an administrator nominated by the widow, Ethel Kravitz.

The register of wills found as a fact that Mrs. Kravitz has been convicted of second decree murder and there is no dispute of that fact although it is argued by the appellees in this proceeding that that conviction is not a final conviction for the reason that motions in arrest of judgment and a new trial have been filed and are presently awaiting disposition. However, since Mrs. Kravitz has been convicted of second degree murder, she should have been found by the register to be an unfit person under section 306(3) of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.306, and thus disqualified to administer the estate. Cf. Friese's Estate, 317 Pa. 86, 90. Being unfit, Ethel Kravitz is thus without right to nominate one to

do that which the law says she is unfit to do. Ethel Kravitz's renunciation is therefore without any legal significance, for she cannot, by this maneuver, reinstate her right to nominate when the law says she is unfit. Thus the register of wills improperly appointed her nominee as administrator and the decree of the register of wills is herewith set aside.

In light of this disposition the problem raised pertaining to the supersedeas entered by this court is now moot. It is to be clearly understood that in the present case there is no issue presently before this court relating to distribution. That issue will be a justiciable controversy when a personal representative's accounting is before this court for audit, adjudication and award. I need not now decide, nor do I decide, any problems relating to distribution. Thus, whether Ethel Kravitz is a slayer within the meaning of the Slayer's Act of August 5, 1941, P. L. 816, 20 PS §3441, dealing as it does with distribution of the estate of decedent, is not presently before me for decision.

It is trite to state that this estate should be promptly administered by a duly qualified personal representative and the matter is returned to the register of wills with directions to proceed without delay to hear any matters relating to the appointment of a properly qualified personal representative to administer this estate.

*Order*

And now, June 4, 1959, the appeal from the grant of letters of administration is herewith sustained.