LUDGATE, J.,
This matter is now before the court on defendant’s motion for *139 dismissal of charges on double jeopardy grounds. Counsel has stipulated that the court render its decision based on stipulated facts in addition to the testimony offered by Officer Steven M. Chieffo.
FINDINGS OF FACT
(1) Victor M. Prep is an adult individual charged with driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(l) and (a)(4).
(2) On March 17, 1990, Victor M. Prep was stopped by Patrolman Steven Chieffo of the Oley Township Police Department, after the patrolman observed defendant driving in an erratic manner and crossing over the center line.
(3) After submitting to various tests, defendant was released from custody on March 17, 1990.
(4) On March 19, 1990, Patrolman Chieffo issued the following citations to defendant: citation no. A268685, driving on roadways laned for traffic, 75 Pa.C.S. §3309; and citation no. A268686, reckless driving, 75 Pa.C.S. §3714.
(5) On March 27, 1990, defendant pled guilty to both of the aforementioned citations and paid the prescribed statutory fines and costs connected therewith.
(6) On March 20, 1990, Officer Chieffo filed a complaint before District Justice Wagonseller, charging defendant with driving under the influence of alcohol, 75 Pa.C.S. §3731(a)(l) and (a)(4).
CONCLUSION OF LAW
The prosecution of defendant for driving under the influence of alcohol is barred by the double jeopardy clause.
*140 DISCUSSION
Defendant argues that after having pled guilty to the summary offenses of driving on roadways laned for traffic, 75 Pa.C.S. §3309; and reckless driving, 75 Pa.C.S. §3714, the present prosecution under the driving under the influence statute, 75 Pa.C.S. §3731(a)(l) and (a)(4), is barred by the double jeopardy clause and by the principles set forth by the United States Supreme Court in Grady v. Corbin, 495 U.S_, 109 L.Ed. 2d 548 (1990). We agree.
The U.S. Supreme Court, in Grady v. Corbin, held that “the double jeopardy clause bars a subsequent prosecution if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted.” 109 L.Ed. 2d at 557. In the instant case, defendant pled guilty on March 27, 1990, to reckless driving and to driving on roadways laned for traffic. He has, therefore, been prosecuted on these charges.
In a driving under the influence of alcohol prosecution, the essential elements which the Commonwealth must prove are that the defendant did drive or operate his motor vehicle while under the influence of alcohol to a degree which rendered him incapable of safe driving, in violation of section 3731(a)(1) of the Vehicle Code, or that the defendant did drive or operate his motor vehicle while the amount of alcohol by weight in his blood was 0.10 percent or greater, in violation of section 3731(a)(4). Therefore, the Commonwealth must prove that defendant drove his motor vehicle while under the influence of alcohol to a degree which would render him incapable of safe driving, or while the amount of alcohol in his blood was greater than 0.10 percent.
*141 In Grady, the Supreme Court relied upon a fact that the prosecutor had filed a bill of particulars which stated that it would prove the entirety of the conduct for which Corbin was convicted, that is, driving while intoxicated and failing to keep right of the median, to establish the essential elements of the homicide and assault charges, which were involved in that case. In the instant case, the probable cause which was issued states that the officer observed defendant’s vehicle “being driven in an erratic manner, not being able to stay within his lane of travel and crossing over the center yellow line.” The conduct which the Commonwealth will use to prove defendant’s inability to operate his motor vehicle safely, is the conduct that he was driving his motor vehicle in a reckless manner and failed to stay in his lane. That fact that no bill of particulars was filed in the instant case does not effect the application of the test adopted in Grady v. Corbin, as the Supreme Court stated in a footnote “[application of the test we adopt today, will not depend as Justice Scalia’s dissent argues, on whether the indictment ‘happens to show that the same evidence is at issue’ or whether the jurisdiction ‘happen[s] to require the prosecution to submit a bill of particulars that cannot be exceeded.’ ” Grady, supra, 109 L.Ed. 2d at 265, n.14.
The double jeopardy clause of the declaration of rights of the Pennsylvania Constitution states that “no person shall for the same offense, be twice put in jeopardy of life and limb. . .” Pa. Constitution, Art. I, section 10. The double jeopardy clause of the Fifth Amendment of the United States Constitution states that “nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Constitution, Amendment V. The double jeopardy clause of the Fifth Amendment of the *142 United States Constitution is enforceable against the states through the 14th Amendment. Benton v. Maryland, 396 U.S. 784, 794, 89 S.Ct. 2056, 23 L.Ed. 2d 707 (1969). The Superior Court held in Commonwealth v. Simons, 342 Pa. Super. 281, 492 A.2d 1119 (1985), that “the double jeopardy protections afforded by the federal and state constitutions generally are said to be coextensive . . . and our state court adopts the approach of the United States Supreme Court in double jeopardy cases.” Simons, supra, citing Commonwealth v. Beaver, 317 Pa. 88, 463 A.2d 1097 (1983). (other citations omitted)
To prove either the section 3731(a)(1) or the section 3731(a)(4) count, the Commonwealth in its prosecution will prove conduct for which the defendant has been previously prosecuted and therefore, place defendant again in jeopardy for conduct for which has already been prosecuted.
For the above-mentioned reasons, we will grant defendant’s motion to dismiss on double jeopardy grounds.
ORDER
And now, October 25, 1990, upon consideration of the testimony, record and memoranda and argument of counsel, this court orders and decrees that defendant’s motion to dismiss the complaint on double jeopardy grounds is hereby granted.