## Martin Estate

. *Avram G. Adler* and *Carole F. Kafrissen,* for appellant.

*Oscar S. Schermer,* for appellees.

BRUNO, *J.,* January 16, 1990 — This matter is before the court upon an appeal filed by Dorothy Martin to a decree of the register of wills of Philadelphia, dated March 2, 1988, revoking the letters of administration granted to her and decreeing that letters of administration be granted to Tilena Shareese McFadden or her nominee.

John W. Martin Jr., a resident of Philadelphia County, died on November 5, 1987, in the Veterans Administration Hospital as the result of alleged medical malpractice. On November 20, 1987, Dorothy Martin, the decedent's mother, sought and was granted letters of administration in his estate. On December 9, 1987, Tilena Shareese McFadden filed a petition with the register seeking to have the letters granted to Dorothy Martin revoked and to have letters granted to her or her nominee. In support of her position she alleged that she and her sister, Julia Mae McFadden, are the decedent's children who were born out of wedlock and that she, as the decedent's issue, has the primary right, pursuant to sections 3155(b)(3) and 2103(1) of the PEF Code, to have letters of administration granted to her.

A hearing on Tilena Shareese McFadden's petition was held before the register on January 13, 1988. On March 2, 1988, the register entered a decree revoking the letters granted to Dorothy Martin and directing that letters be granted to Tilena Shareese McFadden or her nominee. On March 10,

letters of administration were granted to Tilena Shareese McFadden and Julia Mae McFadden. This appeal followed.

The register of wills did not file an opinion in support of his decree. However, by revoking the letters granted to Dorothy Martin and directing that letters be granted to Tilena Shareese McFadden or her nominee, the register had to have found that Tilena Shareese McFadden was the decedent's daughter and therefore had a greater right to letters of administration than Dorothy Martin.

There was some confusion surrounding the procedure to be followed at the hearing held on the appeal. The appellees produced the register's record, which consists of the register's decree, decedent's death certificates, the petitions for letters and the notice of appeal. That record, which is the only record transmitted to this court by the register upon an appeal, does not contain any notes of testimony or any documents offered into evidence before the register at his hearing on the petition for revocation. At the court's direction, the register's record was marked "court's exhibit 1" and was admitted into evidence.

Thereafter, appellees' counsel attempted to introduce into evidence the notes of testimony and the documentary evidence produced before the register. Appellant's counsel strenuously objected. Counsel's objection was taken under advisement and appellees' counsel was instructed to proceed. The appellees then testified that the decedent was their father and testified briefly about their relationship with their father. They were then cross-examined by appellant's counsel. Thereafter, the appellees' counsel rested. The appellant did not testify and did not offer any evidence in support of her appeal.

The appellant, the party aggrieved by the register's

decree, contends that it is the burden of the appellees, the parties who prevailed before the register, to prove, on her appeal, that they are the decedent's children and therefore have a greater right to letters of administration than she does. In support of her position she relies on section 776 of the PEF Code which provides, in relevant part, that the Orphans' Court shall, upon an appeal from the register " . . . hear the testimony de novo unless all parties appearing in the proceeding agree that the case be heard on the testimony taken before the register. . . . "

Appellant argues that since she did not agree to have the testimony taken before the register considered by this court, the entire matter is de novo and the appellees have the burden of establishing their paternity to this court. She also argues that the appellees' attempt to have the testimony and documents produced before the register introduced into evidence at the hearing before this court is improper because the matter is de novo and therefore there is no record which can be properly introduced before this court.

Appellant misapplies the provisions of section 776. That section concerns itself with will contests brought to the Orphans' Court upon an appeal from a decree of the register of wills either admitting a writing to probate or denying to admit a writing to probate. It has no application to an appeal from the grant of letters of administration.

It is a commonplace that the register of wills acts in a judicial capacity when he grants letters of administration. *Schulz Estate,* 392 Pa. 32, 139 A.2d 563 (1956). When an appeal is taken from the register's grant of letters of administration, the authority of the Orphans' Court is limited to a review of his discretion as that of an inferior judicial officer. *Phillip's Estate,* 293 Pa. 351, 143 Atl. 9 (1928).

It is apparent, therefore, that this matter is not to be tried de novo. The burden is not upon the appellees to prove their paternity; rather, the burden is upon the appellant to show an abuse of discretion on the part of the register when he revoked her letters of administration and directed that letters be granted to appellees.

Oddly, appellant did not attack the register's finding of appellees' paternity as not being supported by the evidence before him. Rather, she contends that the register abused his discretion in permitting Tilena Shareese McFadden to present a petition for the revocation of appellant's letters because Tilena Shareese McFadden had no standing to request letters of administration. It is apparently the appellant's contention that Tilena Shareese McFadden had to have a prior court determination of paternity before she had standing to appear before the register and request that he revoke the letters granted to appellant and that he grant letters to her. In essence, the appellant contends that the register of wills has no authority to make a finding of paternity. That argument is without merit.

The register of wills is charged with the duty of granting letters of administration to the person thereunto entitled. The Probate, Estates and Fiduciaries Code provides that letters of administration in the estate of a person dying intestate and without a surviving spouse shall be granted to those persons entitled under the intestate law. In the instant case, two people, each claiming to have the paramount right to letters of administration, appeared before the register. One claimed letters as the decedent's mother and one claimed letters as the decedent's daughter. If the register's duty to grant letters to the person properly entitled under the code is to have any meaning, that duty must, of necessity, carry

with it the duty to hear and determine a claim to letters based upon paternity. Otherwise, the register loses his judicial function and acts merely as a clerical functionary.

The register did not abuse his discretion when he entertained appellee's petition. On the contrary, he acted correctly by holding a hearing to determine if the letters he granted to decedent's mother were properly granted. The register has always had the inherent power to annul or vacate letters granted to a person not entitled. *Phillip's Estate, supra.*

As stated previously, the register did not file an opinion in support of his decree. Consequently, the court does not have a written justification from the register for his decision. However, the notes of testimony and the evidence offered at the hearing before the register were produced by the appellees at the hearing before this court. Because the only issue before this court is whether the register abused his discretion in revoking appellant's letters and directing that letters be granted to appellees, the court is of the opinion that the notes of testimony and the evidence offered before the register are properly before this court for its inspection.

The court finds nothing in that record to indicate that the register abused his discretion. In fact, the testimony and the evidence before the register amply support a finding that appellees are the decedent's daughters and have a paramount right to letters of administration.

For all of the above reasons, the court is of the opinion that the appeal of Dorothy Martin should be dismissed. An appropriate decree will be entered.

## DECREE

And now, January 16, 1990, the appeal of Dorothy Martin from a decree of the register of wills, dated

March 2, 1988, revoking letters of administration granted to her and directing the letters of administration be granted to Tilena Shareese McFadden or her nominee, is dismissed and the record is remanded to the office of the register of wills.

Unless exceptions are filed to this decree within 20 days from the date hereof, this decree will become absolute as of course.